IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03354-KLM

RUBY BILLS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the **Social Security Administrative Record** [#10],[2] filed May 29, 2015, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq. On August 10, 2015, Plaintiff filed an Opening Brief [#14] (the "Brief"). Defendant filed a Response [#17] in opposition, and Plaintiff filed a Reply [#18]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#16, #19].

[2] "[#10]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

405(g) and 1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further proceedings.

## I. Factual and Procedural Background

Plaintiff alleges that she became disabled at the age of fifty-one on January 14, 2011, due to a variety of impairments. Tr. 206, 210, 253 (stating "[a]sthma, copd, anxiety, adhd, hip problems").[3] On July 18, 2011, Plaintiff filed applications for disability insurance benefits under Title II and for supplemental security income under Title XVI. Tr. 249. On April 1, 2013, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 34.

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2012, and that Plaintiff had not engaged in substantial gainful activity ("SGA") since January 14, 2011. Tr. 27. The ALJ found that Plaintiff suffers from three severe impairments: (1) scoliosis, (2) gastroesophageal reflux disease ("GERD"), and (3) asthma. Tr. 27. However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 29. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work. Tr. 29.

> [In addition, s]he is further restricted as she can only frequently operate foot controls; occasionally climb ramps and stairs, but cannot climb ladders or

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 10, 10-1, 10-2, 10-3, 10-4, 10-5, 10-6, 10-7, and 10-8, by the sequential transcript numbers instead of the separate docket numbers.

>scaffolds; and cannot work at unprotected heights or in extreme cold. The claimant cannot work where concentrated fumes, odors, gases, or chemicals are present.

Tr. 29. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff was able to perform past relevant work including that of a car jockey, a machine cellophane wrapper, and a hand packager. Tr. 32. In addition, the ALJ found that "there are [other] jobs that exist in significant numbers in the national economy that the claimant can perform . . . ." Tr. 33. Specifically, based on the testimony of the VE, the ALJ concluded that Plaintiff could also perform the representative occupations of collator operator, inserting machine operator, and merchandise marker. Tr. 33. She therefore found Plaintiff not disabled at both step four and, alternatively, step five of the sequential evaluation. Tr. 32-34. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

>[T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also*

-3-

*Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)).  The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings.  42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).  However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)).  In other words, the Court does not reexamine the issues de novo.  *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*"  *Oldham v. Astrue*,

509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.     Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary.  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary.").  The Commissioner bears the burden of proof at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)).  If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521).  Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142).  "Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient [RFC] to perform

other work in the national economy." *Id.*

**B.     Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III.  Analysis

Plaintiff requests judicial review of the ALJ's decision denying her disability insurance benefits and supplemental security income. *Brief* [#14] at 6. Specifically, Plaintiff argues that: (1) the ALJ erred by failing to find that Plaintiff's depression and anxiety were medically determinable severe impairments and failing to assign restrictions related to them in Plaintiff's RFC; (2) the ALJ erred when she found that Plaintiff's medically determinable

impairment of psychophysiological insomnia was not severe; (3) the ALJ's finding in the RFC that Plaintiff could perform light work with no further sitting, standing, and walking restrictions is not supported by substantial evidence; and (4) the ALJ erred when she found that Plaintiff was capable of performing her past relevant work. *Id.* at 2.

**A.     The ALJ's Consideration of Plaintiff's Alleged Impairments**

The Court examines Plaintiff's first two arguments simultaneously. Plaintiff argues that her complaints of depression, anxiety, and psychophysiological insomnia are medically-determinable severe impairments and that the RFC should have included restrictions based on these impairments.

As noted, the ALJ found that Plaintiff suffers from three severe impairments: (1) scoliosis, (2) GERD, and (3) asthma. Tr. 27. The ALJ also explicitly found that Plaintiff's medically determinable impairment of psychophysiological insomnia was non-severe. Tr. 28. Plaintiff here argues in part that the ALJ erred in determining which impairments were severe and which were not severe. *See Brief* [#14] at 20-25.

The Tenth Circuit Court of Appeals has addressed how an ALJ's error at step two is often harmless:

> The ALJ found at step two the alleged mental impairments (which he identified as anxiety, depression, and a personality disorder not otherwise specified) were medically determinable but non-severe. An error at step two concerning the severity of a particular impairment is usually harmless when the ALJ, as here, finds another impairment is severe and proceeds to the remaining steps of the evaluation. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."). The real problem occurs later in the analysis, where the ALJ is required to consider the effect of all medically determinable impairments, severe or not, in calculating the claimant's RFC. *See* 20 C.F.R. § 404.1523 ("If we do find a medically severe combination of impairments, the combined

impact of the impairments will be considered throughout the disability determination process."); *id.* § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe," . . . when we assess your [RFC]."). Thus, we turn to the issue of whether the ALJ properly evaluated the effect of [the claimant's] mental impairments in assessing his RFC.

*Groberg v. Astrue*, 415 F. App'x 65, 67 (10th Cir. 2011). Similarly, here, the ALJ found that Plaintiff could not conclusively be denied benefits at step two and proceeded to steps three, four, and five of his analysis. Thus, to the extent Plaintiff argues that the ALJ erred at step two, such error is harmless.

The Court disagrees with Plaintiff that the ALJ failed to properly consider her complaints of depression, anxiety, and psychophysiological insomnia at step four of the analysis. *Brief* [#14] at 20-25. The ALJ repeatedly referenced and cited to evidence of these impairments as she canvassed the record and summarized the effects of Plaintiff's asserted impairments in order to determine Plaintiff's RFC. *See, e.g.*, Tr. 30-32.

According to SSR 96–8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996):

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

Plaintiff argues that the ALJ did not appropriately account for Plaintiff's depression, anxiety, and psychophysiological insomnia. *Brief* [#14] at 20-25. In support, Plaintiff provides a list of evidence demonstrating Plaintiff's history of depression, anxiety, and

psychophysiological insomnia. *See, e.g.*, *id.*

Even though the ALJ did not find that Plaintiff's depression, anxiety, and psychophysiological insomnia were severe impairments during the relevant period, she considered these impairments when determining Plaintiff's RFC. For example, the ALJ stated:

> The claimant submitted a Disability Report – Adult, alleging that her ability to work was limited by asthma, COPD, anxiety, attention deficit hyperactivity disorder (ADHD), and hip problems. In a later Disability Report – Appeal, the claimant added that she cannot sleep through the night and has back spasms. She no longer wants to be around people. . . . She only gets three to four hours of sleep at night and is tired during the day. . . . She has problems sleeping, because her breathing issues cause her to feel like she is choking. . . . The claimant testified that her only mental restriction to working is ADHD. . . . The claimant came into the hearing appearing to be very "bouncy" and cheerful, but appeared bored at times. . . . The claimant reported that her medications help her sleep. . . . In January 2011, the claimant expressed disappointment that her depression and anxiety were not severe enough to qualify for disability. . . . She filled out a Function Report – Adult, with the only restrictions noted being difficulty sleeping. . . . [On] September 20, 2011 . . . [Plaintiff] appeared to be moderately depressed [at a consultative examination], with an [sic] decreased range and intensity of affect, but no evidence of mood [liability]. . . . The consultative psychologist opined that the claimant is not impaired in all basic work-related activities solely based on her mood and anxiety. . . .

Tr. 30-32 (internal citations omitted).

The ALJ clearly complied with the requirement of SSR 96–8p that she consider Plaintiff's non-severe impairments at step four of the analysis. Beyond this, Plaintiff's argument "is merely an invitation to the [C]ourt to reweigh the evidence and substitute its judgment for that of the ALJ." *Slaughter v. Colvin*, No. 13-2203-JWL, 2014 WL 3557633, at *6 (D. Kan. July 18, 2014). However, it is not the Court's role to reweigh the evidence. *Perez–Leeds v. Colvin*, 596 F. App'x 714, 716 (10th Cir. 2014). It is clear from a review of the ALJ's decision that she thoroughly explained why she chose not to put parameters on

Plaintiff's ability to work based on her alleged impairments of depression, anxiety, and psychophysiological insomnia . *See* Tr. 30-32; *Clifton*, 79 F.3d at 1009.  As noted above, the ALJ need not specifically "reference everything in the administrative record." *Wilso*n, 602 F.3d at 1148.  Here, the ALJ's analysis of the record demonstrates that substantial evidence supports her conclusion. *See id.* at 1140.  The evidence analyzed and cited by the ALJ is not overwhelmed by other evidence in the record, including the evidence cited by Plaintiff. *See, e.g.*, *Brief* [#14] at 20-25; *Grogan*, 399 F.3d at 1261-62.

Accordingly, the Court finds that the ALJ did not commit reversible error by failing to impose RFC limitations based on Plaintiff's alleged impairments of depression, anxiety, and psychophysiological insomnia.

### B.     The Medical Opinion of Dr. Mitchell

Plaintiff next argues that the ALJ's finding in the RFC that Plaintiff could perform light work with no further sitting, standing, and walking restrictions is not supported by substantial evidence.  Specifically, she argues that the ALJ failed to consider the consultative evaluation performed by Linda Mitchell, M.D. ("Dr. Mitchell") on October 12, 2010. *Brief* [#14] at 26-27; Tr. 326-30.  Dr. Mitchell opined in relevant part that "[t]he number of hours the claimant should be able to stand or walk during a normal 8-hour workday is about 4 hours." Tr. 330.  Plaintiff asserts that "Dr. Mitchell's evaluation was performed . . . only a few months before the alleged onset date, and constituted the *only* physical consultative evaluation in the record." *Id.* at 27.  Therefore, Plaintiff argues, "the ALJ could not simply ignore it and make RFC findings that had no evidence at all to support them." *Id.*

The ALJ found that Plaintiff retained the ability to perform light work.  Tr. 29.

However, "light work involves standing or walking six hours in an eight-hour work day." *Diaz v. Chater*, 62 F.3d 1428, *2 (Table) (10th Cir. Aug. 3, 1995) (citing SSR 83–12). The ALJ did not place any further restrictions on Plaintiff in connection with walking or standing. Tr. 29. Thus, it appears that Dr. Mitchell's opinion is that Plaintiff requires greater restrictions than those imposed by the ALJ. *See* Tr. 29, 330.

An ALJ must provide explanation for rejecting medical evidence. *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001). This is not a case of harmless error where the medical opinion does not contradict the ALJ's RFC finding. *See Akers v. Colvin*, 556 F. App'x 754, 758 (10th Cir. 2014) (citing *Mays v. Colvin*, 739 F.3d 569, 578-79 (10th Cir. 2014) ("[A]n ALJ's failure to weigh a medical opinion involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity."); *see also Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) ("When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened."). Dr. Mitchell's opinion is that Plaintiff's impairments create greater restrictions than those imposed by the ALJ. Tr. 29, 330. Thus, the ALJ was required to discuss this medical opinion and state how heavily, if at all, she weighed it.

Defendant argues that the ALJ need not have examined a medical opinion rendered while Plaintiff was previously seeking disability benefits, especially because Plaintiff was denied benefits at that time. *Response* [#17] at 8. However, the ALJ is obligated to examine all medical opinions in the record. *See* 20 C.F.R. § 404.1527(b) (stating that the Commissioner "will always consider the medical opinions in your case record . . . "). Defendant improperly frames the issue as Plaintiff asking the Court "to intrude upon that

previously adjudicated period." *Response* [#17] at 8. The issue at the time of the previous adjudication was whether Plaintiff's combined impairments *at that time* entitled her to benefits. The issue now is whether Plaintiff's present combined impairments entitle her to benefits, and those impairments may not be fully identical to the impairments previously asserted. The ALJ must therefore state why this medical opinion is or is not entitled to weight because it contradicts in part the stated RFC. *See Drapeau*, 255 F.3d at 1214; *Mays*, 739 F.3d at 578-79. To the extent Defendant asserts reasons as to why Dr. Mitchell's opinion is not entitled to weight, such reasons are impermissible post hoc rationalizations not explicitly or implicitly stated by the ALJ. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (stating that judicial review is limited to the reasons stated in the ALJ's decision); *Allen v. Barnhart*, 537 F.3d 1264, 1267 (10th Cir. 2008) (stating that a magistrate judge's post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance).

While the discrepancy between whether Plaintiff is limited to four hours or six hours of walking and standing in an eight-hour work day may seem minor, it is significant in the outcome of this claim. If the ALJ weighs and accepts Dr. Mitchell's assessment in whole or in part, then the four-hour standing/walking limitation may preclude "light work" jobs, and Plaintiff would presumably be limited to sedentary work, which in turn would affect the ALJ's determinations regarding whether there are jobs which exist in significant numbers in the national economy which Plaintiff can perform given the other limitations in her RFC. *See* 20 C.F.R. §§ 404.1567(b), 416 967(b); SSR 83–12. Even though the Court does not insist on "technical perfection" in an ALJ's Decision, the Court must be able to follow the ALJ's reasoning. *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Here,

the Court is unable to do so, and therefore this case must be remanded for further proceedings.[4]

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this opinion.[5]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).  See *Knuutila v. Colvin*, __ F. Supp. 3d __, __, 2015 WL 5116723, at *5 (D. Colo. Aug. 31, 2015).

Dated:  March 21, 2016

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L.  Mix
United States Magistrate Judge

---

[4] The Court does not reach Plaintiff's remaining arguments, as they may be impacted by the ALJ's review of the issues on remand.

[5] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits.  See *Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993).  By reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled.  See, e.g., *Knuutila v. Colvin*, __ F. Supp. 3d __, __, 2015 WL 5116723, at *5 n.5 (D. Colo. Aug. 31, 2015).